[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#114) DEFENDANT'S MOTION FOR ALIMONY AND SUPPORT PENDENTE LITE
The plaintiff, Matthew F. Booth, commenced this action for dissolution of the parties' nineteen year marriage. The defendant, Jean E. Booth, has filed this motion for alimony and child support, pendente lite. The parties appeared before the court and were heard regarding the relief sought in this motion.
The evidence and testimony permits the following findings.
The parties have one minor child, Kimberly, who is almost twelve. She resides with her mother, the defendant, in the marital residence in New Fairfield.
The plaintiff/father currently resides in Columbus Ohio, with a female companion, having moved out of the marital residence in October 2000.
The defendant/wife is 52 years old and has a Bachelor of Science degree. Early in the marriage she was employed by Blue Cross/Blue Shield as a job analyst and did some substitute teaching. She was employed by IBM for short a short time and in 1989 she left the job market when her daughter was born. She recently resumed employment as a substitute teacher for $65.00 per day.
In the early 1990's the defendant began to experience the first of a long litany of serious medical problems. They included tendinitis of the left arm and elbow, which required surgery. She also underwent a mastectomy in September 1998. Recovery, including reconstructive surgery, was a disastrous serious of medical problems which necessitated re-admission to the hospital in April 1999. Those medical problems continued through 2001 and the defendant experienced serious medical problems involving her uterus, sinuses, teeth, and lower jaw. Those problems, including episodes of vaginal bleeding, have persisted and the defendant is required to have frequent medical appointments to monitor those conditions. Those medical concerns and the care and treatment she requires have made it extremely difficult to seek or maintain employment CT Page 652 on a long term, permanent basis. She also is the primary care provider for the parties' twelve year old daughter.
Her employment consists of substitute teaching which pays a gross of $65.00 per day. She does that, on average, once or twice per week, health permitting.
The court finds that the defendant has made a reasonable effort to maintain part time employment and that she has continued to do so.
The plaintiff is 52 years old and in excellent health. He is an airline pilot for Acme Air. He was trained to fly in the U.S. Navy and has been employed as a pilot throughout the marriage with the exception of a brief period of about two years when he was in sales and marketing for IBM.
He has been a commercial pilot with Continental Airlines and a corporate pilot with IBM and with the von Liebig Office, Inc., a privately owned financial investment company.
His income from the von Liebig employment represents his highest income to date as evidence by his tax returns: 1997: salary $15,708.00, AGI $129,124.00; 1998: salary $139,667.00, AGI $143,909.00; 1999; salary $141,233.00, AGI $185,120.00). (Deft. Ex. A, B, and C).
The plaintiffs employment with the von Liebig Group ended in mid-1999, however, he received a severance package which amounted to a year's salary over the following year. He testified that his income for 2000 was approximately $112,000.00 and that approximately $70,000.00 of that was the final one-half of his severance pay from von Liebig. The other $42,000.00 or so was from Atlas Airlines, his subsequent and current employer.
Although the relief sought in this motion is unallocated support and alimony, there was considerable evidence and testimony concerning allegations of misappropriation of financial martial assets including IRA's, bank accounts and other assets without consent and in violation of the automatic orders of the court.
While such allegations may be relevant and critical to any orders entered as part of the final judgment, they are not the primary concern of the court when it comes to pendente lite orders.
The primary concern of the court at this stage of the proceedings is a determination of the income, assets and, to some extent, liabilities of the parties as they effect the statutory criteria for support and alimony. of significant import is the income and/or earning capacity of CT Page 653 the parties during the pendency of the action.
The court finds that the plaintiff no longer has his high paying job with von Liebig and the severance package has been fully distributed to him. /the, [The], court also finds that he is currently employed as a commercial pilot with Atlas Airlines on an "at will" basis and that he currently earns approximately $63.00 per hour when he is on a route actually flying a plane.
Having heard the testimony, the court finds that the plaintiff is not exploiting his earning capacity and that his income can and should be in the range of at least $65,000.00 for the skills ability and experience he has. The court finds that the plaintiff can and should be earning at least that amount — regardless of the post-September 11 recession, the governmental regulations on the. numbers of hours a pilot can fly and the competitive procedure of bidding for job routes and assignments which the plaintiff testified about. Given his skills and experience, the plaintiff cannot be expected to earn as little as $643.37 per week as he claims to net.
The court finds the plaintiffs earning capacity to be at least $65,000.00 per year and predicates the following orders on that finding. In reaching the followin, [following], temporary orders, the court has taken into consideration the criteria set forth in both Section 46b-83, Conn. General Statutes.
The plaintiff is ordered to pay the defendant the sum of $325.00 per week as unallocated alimony and child support. The plaintiff is also order to continue to be solely responsible for the mortgage on the marital residence and he is to continue to pay that obligation and the insurance premium on that premises until further order of this court. The defendant is liable for the utilities until further order of the court.
Additionally, the court hereby authorizes the parties to sell or liquidate a sufficient number of their 397 shares of IBM stock (which as of this date have a value of $119.90 per share or $47,153.00) to generate net proceeds of $30,000.00. Those proceeds are to be disbursed as follows: $15,000.00 to be placed in an account for the repair and maintenance of the marital residence — including but not limited to roof repairs. The balance is to be divided equally and distributed to the parties to be applied to costs and fees (including partial payment of counsel fees) incurred by each of them as a result of this suit.
By the Court,
Joseph W. Doherty, Judge CT Page 654